**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOE MADRID,

Defendant - Appellant.

No. 05-2235

(D. New Mexico)

(D.C. No. CR-01-830-LH)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA,** Chief Circuit Judge, **ANDERSON** and **BALDOCK** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Joe Madrid appeals his sentence and requests correction of a clerical error. For the reasons set forth below, we affirm Madrid's sentence but remand to the district court for correction of the clerical error.

**BACKGROUND**

On February 11, 2002, Madrid pled guilty to Count I of a second superseding indictment, alleging conspiracy to distribute over five kilograms of a substance containing cocaine, in violation of 21 U.S.C. §§ 841 and 846; and Counts II, III, VIII, and X of the indictment, all alleging distribution of less than 500 grams of a substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Madrid was acquitted, following a bench trial, of Count IX of the indictment, alleging use and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). However, the Judgment of Acquittal, issued by the court on May 10, 2002, stated that Madrid was "acquitted of the charges in Count VIII of the Superseding Indictment" rather than Count IX. Appellant's App., tab 3.

Pursuant to the United States Sentencing Commission, Guidelines Manual (Nov. 2004) ("USSG"), Madrid was initially sentenced to 151 months' imprisonment, followed by five years of supervised release, and a $500 special assessment. Madrid appealed this sentence. Following the Supreme Court's

ruling in United States v. Booker, 543 U.S. 220 (2005), which rendered the Guidelines advisory rather than mandatory, the parties filed a joint motion to remand for resentencing in accord with Booker. This court granted the motion.

In its resentencing of Madrid, the district court began with the recommendation of the U.S. Probation Office's Presentence Report ("PSR"), which set Madrid's total Guideline offense level at 35. This offense level included a two-level increase pursuant to USSG §2D1.1(b)(1) for possession of a dangerous weapon. Together with a criminal history category at II, this yielded a guideline imprisonment range of 188 to 235 months. However, the court reasoned that "a downward departure based on extraordinary post-offense rehabilitation is warranted" and thus decreased Madrid's offense level by four levels. Tr. of Sentencing Hr'g, Appellee's App. at 14. This yielded an advisory guideline imprisonment range of 121 to 151 months. Taking into account the sentencing factors set forth in 18 U.S.C. § 3553(a), the court imposed a term of imprisonment of 135 months.

The record indicates that, at the resentencing hearing, Madrid renewed a former objection he had made to the PSR's inclusion of a two-level enhancement under USSG §2D1.1(b)(1). Though the court did not specifically rule on that objection in imposing the new sentence, both parties agree that the objection was overruled. Madrid now appeals his new sentence, alleging that the district court

erred in implementing the §2D1.1(b)(1) enhancement, and requests correction of the clerical error on his Judgment of Acquittal.

## DISCUSSION

### I.    USSG §2D1.1(b)(1) Enhancement

In Booker, "the Supreme Court held that the mandatory application of the Guidelines to judge-found facts (other than a prior conviction) violates the Sixth Amendment" and thus rendered the Guidelines advisory rather than mandatory. United States v. Kristl, 437 F.3d 1050, 1053 (10th Cir. 2006) (per curiam). The advisory Guidelines remain "a factor to be considered in imposing a sentence." Id. Thus, district courts "'must consult those Guidelines and take them into account when sentencing.'" Id. (quoting Booker, 543 U.S. at 264).

On appeal, while we review a defendant's ultimate sentence for reasonableness, we continue to review the district court's application of the Guidelines de novo, and we review any factual findings for clear error. Id. at 1054. Where the district court correctly applies the Guidelines and imposes a sentence within the applicable Guidelines range, that sentence "is entitled to a rebuttable presumption of reasonableness." Id. However, if the district court errs in applying the Guidelines, we must remand unless the error is harmless. Id. at 1055.

Here, Madrid argues that the district court erred in applying a two-level enhancement under USSG §2D1.1(b)(1) based on the judge-found fact that Madrid had possessed a dangerous weapon. However, after Booker, a district court is not precluded from relying on judge-found facts in determining the applicable Guidelines range as long as the Guidelines are considered as advisory rather than mandatory. United States v. Magallanez, 408 F.3d 672, 685 (10th Cir. 2005); United States v. Lawrence, 405 F.3d 888, 907 (10th Cir.), cert. denied, 126 S. Ct. 468 (2005). It is clear in this case that the district court considered the Guidelines advisory when resentencing Madrid post-Booker. As indicated above, the resentencing occurred for this very purpose, and the court expressly relied on the § 3553(a) factors. Furthermore, the court implemented a substantial downward departure, in accord with its "enhanced discretion" to do so after Booker. See United States v. Serrata, 425 F.3d 886, 912 (10th Cir. 2005). The resulting sentence was below what the Guidelines range would have been, even had the two-level increase pursuant to §2D1.1(b)(1) not been imposed.[1] See

---

[1]Madrid acknowledges that his sentence was ultimately unaffected by the §2D1.1(b)(1) enhancement. He argues, however, that "now that [he] is serving his sentence, the Bureau of Prisons will not give him the one year credit off his sentence for attending drug counseling because of the gun finding in the PS[]R," and that the enhancement thus "has dire consequences now that he is serving his sentence." Appellant's Op. Br. at 13. Accordingly, he requests that the paragraph in the PSR imposing the enhancement be removed. Madrid does not cite to any such rule of the Bureau of Prisons, nor does he point to a statutory origin for such

(continued...)

-5-

USSG ch. 5, pt. A. Accordingly, we perceive no error in the court's application of §2D1.1(b)(1).

Madrid does not argue that the district court's finding, by a preponderance of the evidence, that he possessed a weapon in connection with his offense was clearly erroneous. Nor does he argue that his sentence is otherwise unreasonable. We therefore affirm Madrid's sentence.

## II.     Clerical Error in Judgment of Acquittal

Madrid asks that we "remand this case to the trial court with instructions to correct the judgment of acquittal . . . so that it states that Mr. Madrid was acquitted of count IX" rather than count VIII. Appellant's Op. Br. at 9. The government agrees that we should remand for this purpose pursuant to Fed. R. Crim. P. 36, which allows a district court to "at any time correct a clerical error in a[n] . . . order." Fed. R. Crim. P. 36. Accordingly, we grant Madrid's request in this regard. See United States v. Morales, 108 F.3d 1213, 1225 (10th Cir. 1997) (observing that the ordinary procedure in the event of a clerical mistake is to remand the case to the district court for correction).

---

[1](...continued)
a rule. Moreover, Madrid points to no authority that would allow us to order alteration of a PSR based on the Bureau of Prisons' subsequent reliance on it. We therefore deem this argument without merit.

## CONCLUSION

For the foregoing reasons, the sentence imposed by the district court is AFFIRMED. The appellant's request for a remand in order to correct a clerical error is GRANTED, and the case is accordingly REMANDED for the purpose of correcting the district court's Judgment of Acquittal (Doc. No. 245, entered May 10, 2002) to indicate the defendant is acquitted of Count IX of the Superseding Indictment rather than Count VIII.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge